# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3223 | **DATE** | 1/21/2004 |
| **CASE TITLE** | 766347 Ontario vs. Zurich | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Amended Memorandum Opinion and Order. Plaintiffs/Counter-Defendants' motion to dismiss counterclaim (R.51-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 22 2004 | 61 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 766347 ONTARIO LTD.; THE JAMES F. BOUGHNER FOUNDATION; ELLEN FRYMIRE; and SALATEEN INTERNATIONAL LTD., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | DOCKETED |
| v. | ) ) | JAN 2 2 2004 |
| ZURICH CAPITAL MARKETS INC., et al., | ) ) ) | |
| Defendants. | ) ) | No. 02 C 3223 |
| ZCM MATCHED FUNDING CORP., | ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| 766347 ONTARIO LTD.; THE JAMES F. BOUGHNER FOUNDATION; ELLEN FRYMIRE; and SALATEEN INTERNATIONAL LTD., | ) ) ) ) ) | |
| Counter-Defendants. | ) | |

## AMENDED MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Plaintiffs/Counter-Defendants have moved to dismiss the counterclaim of Defendant/Counterclaimant ZCM Matched Funding Corp. ("ZCM MFC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, their motion is denied.

## BACKGROUND[1]

ZCM MFC filed a counterclaim against the Plaintiffs/Counter-Defendants – 766347 Ontario Ltd., The James F. Boughner Foundation, Ellen Frymire, and Salateen International Ltd. That counterclaim arises from a contempt judgment against third-party Martin Allamian entered in a separate but related proceeding still before this Court ("the ZCM action"). *See, e.g., ZCM Asset Holding Co. v. Allamian*, 2002 WL 31870162 (N.D. Ill. Dec. 20, 2002) ("*ZCM I*"). The Counter-Defendants now seek to dismiss that counterclaim for failure to state a claim.

Asset Allocation Fund, L.P. ("Asset Allocation") is a now-insolvent Illinois limited partnership and commodity pool that engaged in the speculative trading of commodity futures contracts and is a defendant in the ZCM action. Martin James Capital Management, Inc. ("MJCM") – Asset Allocation's general partner – and Martin Allamian, who owned and operated MJCM, are also defendants in the ZCM action. On May 31, 2000, Asset Allocation entered into an "Option Agreement" with Defendant/Counterclaimant, ZCM MCF. ZCM MFC asserts that Asset Allocation agreed in the Option Agreement to indemnify ZCM MFC of all losses arising from the transaction contemplated by the Option Agreement. (R. 50, Def.'s Counterclaim, ¶ 9.) ZCM MFC alleges that it has incurred losses from that transaction, and that Asset Allocation is now required to indemnify it. (*Id.* at ¶¶ 10-11).

Specifically, ZCM MFC alleges that the Counter-Defendants conspired with Asset Allocation, MJCM and Martin Allamian, to unlawfully obtain a return on their investments in

---

[1] The allegations in this case are set forth in detail in the Court's opinions addressing Defendants' motions to dismiss, and the Court will not repeat them here. *See 766347 Ontario Ltd. v. Zurich Capital Markets, Inc.*, 274 F.Supp.2d 926, 928-29 (N.D. Ill. 2003), *766347 Ontario Ltd. v. Zurich Capital Markets, Inc.*, 249 F.Supp.2d 974, 979-81 (N.D. Ill. 2003).

Asset Allocation. (*Id.* at ¶ 12). It alleges that the Counter-Defendants obtained this unlawful return through a consent judgment in the ZCM action. (*Id.* at ¶ 13). As part of that consent judgment, ZCM MFC alleges that Martin Allamian, whom the Court previously held in contempt for violating a preliminary injunction, was permitted to repay the amount Allamian took in violation of the preliminary injunction to the Counter-Defendants, not to the limited partnership. (*Id.*). In exchange, the Counter-Defendants dismissed their breach of contract claim asserted against Asset Allocation. (*Id.*).

ZCM MFC alleges that the Counter-Defendants have a duty under the Illinois Revised Uniform Limited Partnership Act ("IRULPA"), 805 ILCS 210/608 ("Section 608"), to indemnify it to the extent of the payments that they have received or will receive pursuant to the contempt judgment. (*Id.*, ¶¶ 13-14.) These payments, ZCM MFC argues, are "returns" on Plaintiffs' investments in Asset Allocation and therefore are subject to "clawback" under Section 608 to the extent that they are necessary to satisfy Asset Allocation's obligations to ZCM MFC. (*Id.* at ¶ 14.)

## ANALYSIS

### I. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Associates, Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court views "the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (citations omitted).

In order to state a claim under Section 608, ZCM MFC need only satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8. "All the complaint need do to withstand a motion to dismiss for failure to state a claim is 'outline or adumbrate' a violation of the statute or constitutional provision upon which the plaintiff relies." *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992).

## II. The Section 608 Indemnification Claim

Under Section 608 of the IRULPA, a limited partner who receives a "return of any part of his or her contribution" is liable to the limited partnership for the amount of the return, but only to the extent that it is necessary to discharge the limited partnership's liabilities to creditors. 805 ILCS 210/608. Section 608 defines a return of a partner's contribution as "a distribution to him or her [that] reduces his or her share of the fair value of the net assets of the limited partnership below the value ... of his or her contribution which has not been distributed to him or her." 805 ILCS 210/608(c). The duration of a partner's liability to the limited partnership depends on whether the return was made with or without "violation of the certificate of limited partnership, the partnership agreement or [IRULPA]." The minimum duration is one year. 805 ILCS 210/608(a), (b).

The Counter-Defendants do not challenge ZCM MFC's standing to assert a Section 608 claim.[2] They further do not contest the allegation that Asset Allocation has insufficient assets with which to discharge any liability to ZCM MFC. Instead, the Counter-Defendants contend that ZCM MFC has failed to state a clawback claim because it has failed to allege (1) that each

---

[2] *See Henkels & McCoy, Inc. v. Adochio*, 906 F. Supp. 244, 249-50 (E.D. Pa 1995), for a discussion of standing.

Counter-Defendant has received a return of his or her contribution and (2) "whether or not, and if so how, any un-alleged return of contribution was made with or without 'violation of the certificate of limited partnership, the partnership agreement or this Act." The Court disagrees.

### A.     Return of Contribution

ZCM MCF alleges that the payments that Counter-Defendants have received and will receive pursuant to the contempt judgment in the ZCM action constitute returns of their investments in Asset Allocation. ZCM MCF alleges that Asset Allocation purposefully conspired with Allamian, MJCM, and the Counter-Defendants to grant the Counter-Defendants a return on their investment. It alleges that Martin Allamian exchanged funds which had been taken from Asset Allocation and should have been returned to Asset Allocation, in exchange for the Counter-Defendants' abandonment of their claims against Asset Allocation. These allegations sufficiently allege that the Counter-Defendants have received or will receive a return on their contributions to Asset Allocation.

If this Court were to adopt Counter-Defendants' position that transfers from third parties to limited partners cannot constitute returns of investments, it would render the clawback provision of Section 608 void. Partnerships and limited partners could avoid the statute's dictates through sham transactions that interposed a third party between the partnership and partner - or, as is alleged to have happened here, through the general partner's misappropriation of funds.

### B.     Violation of the Partnership Agreement

Counter-Defendants also argue that ZCM MCF has failed to allege whether the returns of investments were made with or without violation of applicable partnership rules. Whether or not

returns are made illicitly is important under Section 608 only in determining the duration of a partner's liability to the partnership. 805 ILCS 210/608(a), (b). If the partner receives the return without violation of the certificate of limited partnership, the partnership agreement or the IRULPA, the partner's liability is one year. *Id.* (a). If a partner receives the return in violation of the certificate of limited partnership, the partnership agreement or the IRULPA, the partner's liability is extended to a six year period. *Id.* (b). Such allegations are not essential to state a claim under Section 608.

ZCM MFC alleges that the Counter-Defendants unlawfully sought to obtain a return on their contributions "in violation of their limited partnership agreements and Illinois law." (R. 50-1, Def.'s Counterclaim, ¶12.) This is sufficient to extend the limited partners' liability to six years.

## CONCLUSION

The Plaintiffs/Counter-Defendants' Motion to Dismiss Counterclaim is denied.

Dated: January 21, 2004          ENTERED

AMY J. ST. EVE
United States District Judge